CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 9 2016

JULIA C. DUDLEY, CLERK
BY: /s/ *illegible*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:13-cr-00019 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KAREEM LOMAX ROBINSON, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Kareem Lomax Robinson, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and Robinson responded, making this matter ripe for consideration. After reviewing the record, the court concludes that the government's motion to dismiss must be granted and the § 2255 motion must be dismissed.

**I.**

On August 1, 2013, a federal grand jury returned a multi-count indictment against Robinson and seven co-defendants. Robinson was charged with conspiring to manufacture, distribute and possess with intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One"); knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Fourteen"); knowingly and intentionally possessing with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count Fifteen"); and knowingly and intentionally distributing and aiding and abetting in the distribution of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Eighteen").

Count One carried a mandatory sentence of ten years' to life imprisonment. 21 U.S.C. § 841(b)(1)(A). On August 26, 2013, the government filed a notice, pursuant to 21 U.S.C. § 851, informing Robinson that he was subject to an enhanced penalty of twenty years' to life imprisonment based on prior Florida felony drug convictions. On July 27, 2007, Robinson was convicted in Florida state court of sale/delivery of cocaine and possession of cocaine and was sentenced to concurrent 36-month probation sentences. Information 1, ECF No. 132-2. Following a probation violation proceeding, Robinson received concurrent 18-month prison sentences. Id., ECF No. 132-1.

On January 7, 2014, Robinson pleaded guilty to Count One in an amended written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement established an agreed-upon sentence of 204 months (17 years), a stipulated drug weight of 280 to 840 grams of cocaine base, resulting in a base offense level of 32, and a four-level enhancement to the base offense level for being an organizer or leader of the criminal activity, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.1(a). The plea agreement did not call for Robinson to be sentenced within a particular guideline range nor was his guideline range evident from the document. In return, the government agreed to dismiss the remaining counts as well as the § 851 information.

During the plea colloquy, defense counsel addressed his discussions with his client about the plea agreement. As counsel explained, the parties had discussed three versions of a plea agreement, the first version being "a straight-up guilty plea with mandatory minimums" and the last version a plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Robinson noted that he understood the differences between the two plea agreements, and that he agreed to the terms of the amended plea agreement. Plea Hr'g Tr. 10-11, ECF No. 397. The government

2

noted that for Count One, without the amended plea agreement, Robinson faced a mandatory

sentence of twenty years to life imprisonment, in light of the § 851 enhancement. Id. at 12. In

reciting the terms of the plea agreement, the government also noted that because the amended

plea agreement was negotiated under Rule 11(c)(1)(C), the court "may either accept or reject the

plea agreement in its entirety" but if the court decided to reject the plea agreement, Robinson

would be allowed to withdraw his guilty plea. Id. at 13. Robinson affirmed that he understood

that if the court were to accept the plea agreement, he would "get 17 years, which is three years

off the mandatory minimum, with the 851." Id. at 22. The court further explained:

> In the pre-sentence report, probation is going to make some recommendation to me as to determining what the guidelines are. In fact, you and the government have agreed in the plea agreement as to certain stipulations as to the guidelines; that the crime involved more than 280 grams of crack cocaine and that you were an organizer or leader. You agreed with the United States as to that. I'm going to tell you I don't have to agree with that. I can decide, based on the facts, based on the law, that those stipulations aren't appropriate and I can make different findings at sentencing based on what I believe the law requires and what the facts show. . . In other words, simply because you agree with the government as to a guideline stipulation doesn't mean I have to accept. But again, the bottom line in this Rule 11(c)(1)(C) plea is if I accept it, you know the sentence you will get, and that will be 17 years.

Id. at 25-26. Robinson affirmed that he understood. Id. at 26. He also stated that he understood

that he was giving up the right to collaterally attack his sentence other than claims of ineffective

assistance of counsel, and that he was "fully satisfied with the advice and representation

provided to [him] by [his] counsel . . . in this case." Id. at 30-31.

Robinson signed a written statement of facts, and the government summarized it on the

record at the plea colloquy: In 2012 and 2013, Robinson traveled approximately every three

weeks from Florida, where he purchased large quantities of drugs, to Winchester, Virginia to

distribute crack cocaine to both end users and further distributors. Id. at 32. Robinson directed

customers to those distributors to whom he supplied crack cocaine, when he was not available

3

and customers would call Robinson to ensure that Robinson's distributors had crack cocaine available. Id. at 33, 35. Police searched Robinson's hotel room, and seized 166 grams of crack and $3,263. Id. at 34. Robinson stated that he agreed with the statement of facts. Id. at 36.

The court found that Robinson was fully competent and capable of entering an informed plea and that his guilty plea was knowingly and voluntarily made; nonetheless, the court took the plea and plea agreement under advisement pending the Presentence Investigation Report ("PSR"). Id. at 39.

The PSR recommended a base offense level of 32 and applied a four-level enhancement for being an organizer or leader of a criminal activity that involved five or more participants, in accordance with the amended plea agreement. PSR ¶ 28, 31. The PSR ultimately recommended a total offense level of 33, and a criminal history category of III, which resulted in an advisory guideline range of 169 to 210 months. PSR ¶ 60. Neither party filed any objections to the PSR.

However, defense counsel did file a sentencing memorandum arguing that the court should sentence Robinson to the agreed-upon 17 years in the amended plea agreement as that punishment was adequate to advance the cause of justice in this case and provide adequate deterrence. Sent. Mem. at 5, ECF No. 328. During the sentencing hearing, the court reviewed the applicable advisory guideline range, but both parties agreed that because Robinson entered the amended plea agreement pursuant to Rule 11(c)(1)(C), it was not "based on the guidelines." Sent. Hr'g Tr. at 14-15, ECF No. 370. The court again asked Robinson if he wanted the court to accept the guilty plea and sentence Robinson to 17 years. Robinson said he wanted the court to accept the plea. Id. at 15. The court adopted the findings in the PSR, accepted Robinson's plea and sentenced him to 17 years. Id. at 26. In so doing, the court noted that "Mr. Robinson was at the highest level in this conspiracy," that he brought the drugs into Virginia from Florida, and

4

that the statement of facts, to which Robinson averred, supported a leadership role finding. Id. at 26.

Robinson filed a pro se motion to reduce his sentence in light of Amendment 782 to the United States Sentencing Guidelines. The court denied the motion because Robinson was sentenced pursuant to Rule 11(c)(1)(C) to an agreed-upon 17 years; his sentence was not "based on a guideline range applicable to the offense of conviction" so he was not eligible for a sentence reduction. Order Denying Motion to Reduce Sentence at 1, ECF No. 381. The Fourth Circuit affirmed. United States v. Robinson, 627 F. App'x 267 (4th Cir. 2016).

Robinson filed the § 2255 motion alleging two ineffective assistance claims: (1) counsel failed to object to the four-level enhancement for being a leader or organizer of the conspiracy, and (2) counsel failed to object to the inclusion of a Florida nolo contendere plea, where adjudication was withheld, in the PSR's criminal history calculation.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Robinson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly

5

granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

**A. Failure to Object to Four-Level Enhancement for Leadership Role**

Robinson first argues that counsel provided ineffective assistance by failing to object to the PSR's four-level enhancement for being a leader and organizer of the conspiracy, pursuant to U.S.S.G. § 3B1.1. He asserts that he merely "supplied drugs and negotiated [their] sale, which [did] not amount to [being an] 'organizer or leader' of a conspiracy." § 2255 Mot. at 5, ECF No.

6

392-1. Robinson also argues that the court erred by failing "to apply the seven factors in § 3B1.1, cmt 4," which provide guidance to determine whether the leader or organizer guideline enhancement applies. This argument lacks merit for a number of reasons.

First, Robinson signed the amended plea agreement, which specifically included a provision applying the four-level leadership-role enhancement. Amend. Plea Agree. at 4, ECF No. 222. At his plea colloquy, Robinson admitted that he had had sufficient time to review the amended plea agreement with counsel and was satisfied with his plea. In addition, at the plea colloquy, the government summarized the facts against Robinson on the record, which included evidence that he frequently traveled from Florida to Winchester, Virginia in order to purchase large quantities of drugs, distributed crack cocaine to coconspirators and organized the distribution ring. Plea Hr'g Tr. at 32-33, ECF No. 397. After this recitation, Robinson stated that he agreed with the statement of facts. Id. at 36. Because Robinson admitted at his plea colloquy that he had acted as a leader in the conspiracy and that he wanted the court to accept the plea agreement, which expressly included the leadership-role enhancement, he cannot now contradict those statements in his § 2255 motion. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false").

In addition, counsel's decision not to object to the enhancement was manifestly reasonable. See Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003) (noting that "counsel has wide latitude in deciding how best to represent a client"). The evidence presented supported the enhancement. Under U.S.S.G. § 3B1.1, a four-level increase in a defendant's offense level is appropriate if the criminal activity involved more than five participants and the defendant was an

"organizer or leader of one or more participants as opposed to merely exercising management responsibility over property, assets, or activities of a criminal organization." United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009).

Contrary to Robinson's claims, the government presented evidence not just that he bought and sold drugs, but that he also set-up a drug distribution chain, recruited other distributors, supplied them with drugs, and directed buyers to them. This evidence that Robinson organized members of the drug ring is sufficient to support the four-level leadership-role enhancement. See United States v. Jones, 356 F.3d 529, 538 (4th Cir. 2004) (affirming application of the four-level leadership-role enhancement where the defendant obtained drugs from suppliers, "recruited people to work as dealers," and supplied those dealers with drugs to sell).

Moreover, had counsel, at sentencing, challenged the leadership-role enhancement provision of the plea agreement, the entire plea agreement could have been called into question. Robinson signed the plea agreement, which specifically included the four-level leadership-role enhancement. An attempt to disavow a provision of the plea agreement would have constituted a violation of it, and would have allowed the government to seek a number of remedies including recommending a higher sentence based on the dismissed § 851 enhancement.

Finally, Robinson cannot establish prejudice, as required under Strickland. He entered into a plea agreement pursuant to Rule 11(c)(1)(C), which provided for an agreed-upon sentence of 17 years' incarceration. The Rule permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . [a request which] binds the court once the court accepts the plea agreement." Rule 11(c)(1)(C). The court asked Robinson on numerous occasions if he understood that he would be sentenced to 17 years if the court accepted

8

the plea, and each time Robinson stated that he did.  Therefore, although Robinson's advisory guideline range was affected by the four-level enhancement, his sentence was not based on that range.  See Freeman v. United States, 564 U.S. 522, 534, 539 (2011) (Sotomayor, J. concurring) (noting, in concurrence, that a Rule 11(c)(1)(C) plea agreement is sometimes based on sentencing guidelines, but only when the agreement itself "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment" or the sentencing range is otherwise "evident from the agreement itself"); see also United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (concluding that Justice Sotomayor's concurring opinion, which is narrower than the plurality, controls).

Therefore, application of the sentencing enhancement did not affect the ultimate sentence that Robinson received.[1]  United States v. Lewis, 633 F.3d 262, 270 (4th Cir. 2011) (noting that if a court accepts a plea agreement pursuant to Rule 11(c)(1)(C), then it is bound by the provisions within it).  As such, Robinson has failed to establish that counsel's decision not to object to the leadership-role enhancement was objectively unreasonable or that he suffered any prejudice because of it.  Strickland, 466 U.S. at 687.

**B. Failure to Challenge Criminal History Calculation**

Next, Robinson argues that counsel failed to object to the PSR's criminal history calculation, which included one point for a prior Florida charge for first-degree battery.  He

---

[1] To the extent that Robinson argues that the court committed constitutional error by failing to discuss, in depth, the seven factors outlined in U.S.S.G. § 3B1.1, cmt. n. 4, which provide guidance to determine whether the leadership-role enhancement should apply, this argument is procedurally barred.  Lemaster, 403 F.3d at 220 (holding that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary").  Robinson agreed not to collaterally attack his sentence other than to bring ineffective assistance of counsel claims, in both his amended plea agreement and at his plea colloquy.  Moreover, as explained above, the record indicates that application of the enhancement was appropriate.  Finally, even in cases where a defendant's sentence is based on the sentencing guidelines, a court need not systematically address every factor mentioned in a guideline note.  See United States v. Lopez, 414 F.3d 954, 962 (8th Cir. 2005), rev'd in part on other grounds, United States v. Lopez, 443 F.3d 1026 (8th Cir. 2005) (en banc) (noting that the court could "find no authority which requires the sentencing court to mechanically recite the factors" from section 3B1.1 regarding a defendant's leadership role).

9

asserts that the addition of the Florida state prior should not have counted toward his criminal history score because he pled nolo contendere and the court withheld adjudication. Accordingly, Robinson asserts that his criminal history category was erroneously increased, resulting in a higher guideline range. This argument, too, lacks merit.

Even if the court were to assume that Robinson should not have received a point for the Florida battery charge, Robinson cannot establish prejudice. Strickland, 466 U.S. at 694. As explained previously, Robinson agreed to the 17-year sentence in his amended plea agreement. Therefore, his guideline range did not affect his sentence. Freeman, 564 U.S. at 534 (2011). Moreover, the agreed-upon 17-year sentence was three years less than the statutory twenty-year mandatory minimum sentence that followed from the § 851 Information. The § 851 enhancement — which the government dismissed as part of the plea agreement — was not tied to Robinson's guideline range; it was based on a prior drug conviction that had nothing to do with the battery charge. Because Robinson agreed to the 17-year sentence, a sentence less than the statutory minimum provided for by the § 851 enhancement, he cannot show that he was prejudiced by any alleged miscalculation in his criminal history score. Therefore, Robinson has failed to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

## III.

Robinson also requests leave to file a supplemental motion to his § 2255 petition, in order to assert that his counsel was ineffective for failing to argue that Robinson was eligible for a minor role reduction under Amendment 794 to U.S.S.G. § 3B1.2. Mot. for Leave at 1-2, ECF No. 410. Amendment 794 provided a non-exhaustive list of factors that a court "should

consider" in determining whether to apply a minor role reduction," and became effective on November 1, 2015. U.S.S.G. App. C. Amend. 794.

The court will deny Robinson's motion. Robinson was sentenced on October 15, 2014, before Amendment 794 came into effect and the Sentencing Commission did not make the Amendment retroactive. Moreover, as explained above, the four-level leadership role enhancement was appropriately applied. Accordingly, Robinson's motion for leave to file a supplemental motion, ECF No. 410, is denied.

## IV.

For the reasons stated, the court grants the government's motion to dismiss. Because Robinson has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 29 day of August, 2016.

/s/ Michael F. Urbanski

United States District Judge

11