CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 18 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 5:13-CR-0019 |
| v. ) | |
| ) | |
| KAREEM LOMAX ROBINSON, ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |

### MEMORANDUM OPINION

Kareem Lomax Robinson, represented by counsel, seeks a reduction in his sentence pursuant to Hughes v. United States, 138 S.Ct. 1765 (2018). ECF No. 452. He asserts that he is entitled to a reduction of his sentence from 204 months to 135 months. The government agrees that Robinson is entitled to relief under Hughes, but argues that his sentence should be reduced to 163 months. ECF No. 454. For the reasons set forth below, the court **GRANTS** Robinson's motion for relief and **REDUCES** his sentence to 139 months.

I.

On January 7, 2014, Robinson entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) where he pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The maximum statutory penalty for the offense was a fine of $10 million, a term of life imprisonment, or both, and a term of supervised release for a period of at least five years. The minimum statutory penalty was a 10-year term of imprisonment. ECF No. 222.

Robinson's base offense level was 32 based on a stipulated drug weight of at least 280 grams but less than 840 grams of cocaine base. He received a 4-point increase for being an organizer or leader of a criminal activity that involved five or more participants and an adjusted offense level of 36. He received a 3-point decrease for acceptance of responsibility for a total offense level of 33. His total offense level coupled with his criminal history category of III resulted in a sentencing range of 168-210 months. ECF No. 342. The parties agreed that an appropriate sentence would be 204 months. As part of the plea agreement, the government withdrew an information it had filed subjecting Robinson to an increased penalty for a prior felony drug conviction. Id. Robinson entered a guilty plea the same day. ECF No. 221. On October 15, 2014, Robinson was sentenced to a term of 204 months to be followed by a 5-year term of supervised release. ECF Nos. 334, 339.

## II.

Robinson asserts that he is entitled to the relief afforded by Hughes to defendants who entered plea agreements pursuant to Rule 11(c)(1)(C). Hughes held that defendants who were sentenced pursuant to a Rule 11(c)(1)(C) agreement are eligible for a sentence reduction based on amendment 782 to the Sentencing Guidelines range if that range were part of the framework the district court relied on in imposing the sentence. Hughes, 138 S.Ct. at 1175. The government agrees that Robinson is entitled to relief under Hughes.

The parties disagree about the number of months by which Robinson's sentence should be reduced. Under the amended guidelines, Robinson's base offense level based on drug weight would be 30 and his total offense level would be 31, which, with his criminal history category of III, would give him a guidelines range of 135 to 168 months. Robinson's

original sentence of 204 months, or 17 years, was close to the top of the guidelines. A proportionate sentence under the new guideline range would be 163 months, and the government argues that such a sentence would be appropriate.

Robinson asserts that under United States Sentencing Guideline § 1B1.10, the court could reduce his sentence to the bottom of the guideline range, or 135 months, and argues that 135 months would be an appropriate sentence. First, he points out that the First Step Act changed the enhanced penalties for defendants with a prior felony drug offense. Had Robinson been sentenced without a plea agreement, he would have received a 20-year mandatory sentence based on his prior felony drug offense. 21 U.S.C. § 841(b)(1)(A) (2014). The mandatory sentence for a § 851 enhancement has been decreased to 15 years. 21 U.S.C. § 841(b)(1)(A) (2018). Robinson contends that the sentence which was assessed was 36 months lower than the mandatory minimum sentence of 20 years he would have faced absent the plea agreement, and that a similar adjustment based on the current 15-year enhancement would be 144 months (12 years), which would be a good starting point.

Robinson offers no authority to support his claim that the court can consider changes brought about by the First Step Act when contemplating a sentence reduction under Hughes. Only one case was found addressing a similar argument and the district court rejected it. See United States v. Lizarraras-Chacon, No. 3:11-CR-00517-HZ, 2020 WL 137455 (D. Or. 2020) appeal docketed, No. 20-30001 (9th Cir. Jan. 14, 2020). The district court noted that the defendant's arguments regarding the current state of the law surrounding a mandatory minimum, to which he was not sentenced, challenged an aspect of a sentence not affected by the change to the guideline range and that Amendment 782 did not retroactively amend the

3

minimum in place when he was sentenced. Id., 2020 WL 137455 at *3. The court further noted that to the extent the defendant was arguing that changes to the relevant mandatory minimum under United States v. Valencia-Mendoza, 912 F.3d 1215 (9th Cir. 2019),[1] and the First Step Act of 2018 changed the analysis of the § 3553(a) factors, he had failed to explain how changes to a mandatory minimum might fit into the § 3553(a) framework. The court found that 18 U.S.C. § 3553(a)(4)(A) was the most relevant factor but it does not appear to contemplate changes to a mandatory minimum by act of Congress or ruling from the courts. Lizarraras-Chacon, 2020 WL137445 at *3-4.

Robinson was not subject to the mandatory 20-year sentence because of the plea agreement. In the absence of authority providing for consideration of the change to the mandatory minimum sentence, this court declines to base a sentence reduction on the change.

Robinson next asserts that under 18 U.S.C. § 3582(c)(2), the court must consider the § 3553(a) sentencing factors. He asks the court to consider that he had a minimal criminal history at the time he was sentenced with only one prior felony conviction, and also to consider his accomplishments since he has been incarcerated. Robinson has maintained a clean disciplinary record for at least the last six months, obtained a GED,[2] and has completed numerous courses while incarcerated. ECF No. 452-1. He has maintained continuous employment and has

---

[1] In Valencia-Mendoza, the Ninth Circuit Court of Appeals found that an increase to a defendant's offense level based on a Washington state conviction for possession of cocaine that was punishable by imprisonment for a term exceeding one year was erroneous. Although the prior conviction carried a general statutory maximum term of imprisonment of five years, the statute prescribed a binding sentencing range, under which the actual maximum term of imprisonment the defendant could have received was six months, and thus the state conviction was not a felony for purposes of the Sentencing Guidelines.

[2] According to the Presentence Report, Robinson obtained his GED prior to incarceration. ECF No. 342 at ¶ 52.

donated to a non-profit organization that provides food to low-income children in Florence County, South Carolina.

Robinson also asks the court to consider that for the 2018 fiscal year, thirty-five percent of drug-trafficking offenders (who did not otherwise receive below-guidelines sentences due to substantial assistance) received below-guidelines sentences. He asks the court to consider a sentence as low as 135 months.

The court finds that a baseline for Robinson's sentence reduction is 163 months, which is the proportionate reduction within the revised Sentencing Guideline range. The court next finds that Robinson's sentence should be reduced by an additional 24 months, to 139 months, to reflect that he has taken numerous classes to better himself, has maintained employment while incarcerated, and has contributed to an effort to alleviate hunger in his community. A sentence of 139 months takes into account the other 18 U.S.C. § 3553(a) factors, including the nature and characteristics of the offense and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public.

For the reasons stated, the court **GRANTS** Robinson's motion for a sentence reduction pursuant to Hughes. ECF No. 452. Robinson's sentence is reduced from 204 months to 139 months. The Clerk is directed to send a copy of this order to the petitioner, his counsel of record, and the United States.

An appropriate order will be filed.

It is so **ORDERED**.

Entered: 02/18/2020

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge